IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL BLAHNIK and ADDISON POPPAS, individually and for all others similarly situated, | )<br>)<br>) Case No. 1:15-cv-4735 |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| BOX OFFICE TICKET SALES, LLC, TICKETS IN TIME, LLC, JOHN URICH and HOWARD SCHWARTZ, | )<br>) JURY TRIAL DEMANDED<br>)<br>) |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Representative Plaintiffs, PAUL BLAHNIK and ADDISON POPPAS ("Plaintiffs"), individually and on behalf of all other similarly situated employees, by and through their counsel, bring claims as a nationwide Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* (the "FLSA"), against Defendants BOX OFFICE TICKET SALES, LLC, TICKETS IN TIME, LLC, JOHN URICH and HOWARD SCHWARTZ (collectively "Defendants"), their subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF ACTION

1. This action arises from Defendants' systematic wrongful classification of Plaintiffs and other similarly situated Ticket Sales Representatives as exempt from the overtime compensation requirements of the FLSA.

2. For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA, Defendants must establish both that the employee

1

performs duties which meet one of the limited tests for exemption and also that the employee is compensated on a "salaried" basis.

3. Plaintiffs contend that Defendants violated the FLSA by knowingly suffering or permitting Plaintiffs and putative class members to work in excess of 40 hours in given workweeks without properly compensating them at an overtime rate for those additional hours.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that a suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." The Representative Plaintiffs have each signed an opt-in consent form to join this lawsuit (Exhibits A & B).

5. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs and the parties are residents of different states.

6. Venue is appropriate in this District under 28 U.S.C. § 1391(b) because Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7. Representative Plaintiff, PAUL BLAHNIK, is a resident of Illinois and this District who worked for Defendants as a Ticket Sales Representative during the applicable statute of limitations period. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e)(1).

2

8. Representative Plaintiff, ADDISON POPPAS, is a resident of Illinois and this District who worked for Defendants as a Ticket Sales Representative during the applicable statute of limitations period. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e)(1).

9. Defendant, BOX OFFICE TICKET SALES, LLC, is a Nebraska corporation, doing business throughout the United States, including this District.

10. At all relevant times, Defendant BOX OFFICE TICKET SALES, LLC was an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA and also an "enterprise," as defined by Section 3(r) of the FLSA, 29 U.S.C. §203(r)(1), engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 3(s)(1)(A).

11. Defendant, TICKETS IN TIME, LLC is a Nebraska corporation, doing business throughout the United States, including this District.

12. At all relevant times, Defendant TICKETS IN TIME, LLC was an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA and also an "enterprise," as defined by Section 3(r) of the FLSA, 29 U.S.C. §203(r)(1), engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 3(s)(1)(A).

13. Defendant, JOHN UHRICH ("UHRICH"), is the President and Chief Executive Officer of Defendants Tickets In Time, LLC and Box Office Tickets Sales, LLC. In this capacity, UHRICH is involved in the day-to-day operations of Defendants and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, including Plaintiffs and the individuals they seek to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding

wage and hour classifications, including the decisions to classify Plaintiffs and other similarly-situated employees as exempt, employee compensation and capital expenditures. At all relevant times, UHRICH acted and had responsibility to act on behalf and in the interests of Tickets In Time, LLC and Box Office Tickets Sales, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees an overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant UHRICH has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

14. Defendant, HOWARD SCHWARTZ ("SCHWARTZ"), is the Chief Marketing Officer of Defendants Tickets In Time, LLC and Box Office Tickets Sales, LLC. In this capacity, SCHWARTZ is involved in the day-to-day operations of Defendants and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, including Plaintiffs and the individuals they seek to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs and other similarly-situated employees as exempt, employee compensation and capital expenditures. At all relevant times, SCHWARTZ acted and had responsibility to act on behalf and in the interests of Tickets In Time, LLC and Box Office Tickets Sales, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees an overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant SCHWARTZ has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

**FACTS**

15. Defendants operate an online ticket broker which is in the business of buying and selling tickets for customers in the secondary market for events including, but not limited to, concerts, sporting events and theatre shows across the United States and Canada.

16. Representative Plaintiffs and putative class members ("Plaintiffs") are individuals who have worked for Defendants as Ticket Sales Representatives or any other similarly titled position (hereinafter "TSRs") during the statutory period. The primary duty of Plaintiffs was to sell tickets to customers in the secondary market from one of Defendants' offices. Plaintiffs all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

17. Defendants operate offices and employ TSRs in Chicago, Nebraska and Florida.

18. Defendants managed Plaintiffs' work, including the amount of hours worked by TSRs. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

19. Plaintiffs were paid a base salary plus a percentage of commission based on their ticket sales.

20. Defendants misclassified Plaintiffs as exempt from the FLSA, even though Plaintiffs did not meet any tests for exemption.

21. Plaintiffs worked more than 40 hours in given workweeks, often working as many as 50 or more hours in given workweeks.

22. Defendants violated the FLSA by not paying Plaintiffs an overtime premium when they worked more than 40 hours in given workweeks.

23. Defendants knew or should have known of both the requirements of the FLSA and their violations, as described above.

24. The conduct alleged above reduced Defendants' labor and payroll costs.

25. Plaintiffs and class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Representative Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Defendant's violation of the FLSA.

27. Plaintiffs pursue the requested relief on behalf of the following Class:

> All individuals who currently work, or have worked, for Defendants as a Ticket Sales Representative or any other similarly titled position during the applicable statute of limitations. (hereinafter "the Class")

28. Representative Plaintiffs are members of the Class they seek to represent because they were employed by Defendants during the relevant period, were misclassified as exempt, were suffered or permitted to work more than 40 hours in given workweeks, and were not paid overtime for any time worked over 40 hours in a workweek.

29. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to Plaintiffs or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

6

30. Even though they did not satisfy any test for exemption, Defendants engaged in a common scheme to misclassify Representative Plaintiffs and the Class as exempt to avoid paying them overtime pay when they worked in excess of 40 hours per week.

31. This action is properly maintained as a collective action because, among other things:

   a. Representative Plaintiffs and the Class were all paid a salary plus a percentage of commission based on their sales volume;

   b. Defendants misclassified Representative Plaintiffs and the Class as exempt from the FLSA;

   c. Representative Plaintiffs and the Class all worked in excess of 40 hours in given workweeks;

   d. Defendants did not pay Representative Plaintiffs and the Class an overtime premium of 1½ times their regular hourly rate for time worked in excess of 40 hours in a workweek; and

   e. Defendants maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiffs and the Class.

32. Defendants encouraged, suffered and permitted the Representative Plaintiffs and the Class to work more than 40 hours per week without the proper overtime compensation.

33. Defendants knew or should have known that Representative Plaintiffs and the Class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiffs and the collective class of wages and overtime compensation.

34. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Representative Plaintiffs and the Class.

35. Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and the Class. Plaintiffs request that the Court authorize notice to the

Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

36. Representative Plaintiffs estimate that the Class, including both current and former employees during the statutory period, consists of at least 50 employees. The precise number of class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' offices.

## COUNT I

### VIOLATION OF THE FLSA: UNPAID OVERTIME

37. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

38. At all relevant times, Defendants were an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

39. At all relevant times, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

40. Representative Plaintiffs and the Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

41. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

42. Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme to misclassify Representative Plaintiffs and the Class as exempt from the FLSA's overtime pay requirement, even though they did not satisfy any test for exemption.

43. Throughout the relevant period, Defendants violated the FLSA by suffering or permitting Representative Plaintiffs and the Class to work overtime hours in given workweeks without paying them overtime wages for these hours.

44. Throughout the relevant period, Representative Plaintiffs and the Class worked in excess of 40 hours in given workweeks, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

45. Representative Plaintiffs and the Class have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week, from which Defendants derived a direct and substantial benefit.

**PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiffs, PAUL BLAHNIK and ADDISON POPPAS, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, addresses and email addresses of all Ticket Sales

       Representatives or any other similarly titled position who have worked for the Defendants within the last three years;

B.     Authorize Plaintiffs' counsel to issue court-approved notice at the earliest possible time to all Ticket Sales Representatives or any other similarly titled position who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

C.     Certify Count I as a collective action;

D.     Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E.     Declare and find that the Defendants committed one or more of the following acts:

        i. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action; and

        ii. Willfully violated provisions of the FLSA.

F.     Award compensatory damages, including all pay owed, in an amount according to proof;

G.     Award interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H.     Award liquidated damages on all compensation due accruing from the date such amounts were due;

I.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J.     Grant leave to amend to add claims under applicable state and federal laws;

K.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

L.     For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: May 29, 2015　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　*/s/ James B. Zouras*
　　　　　　　　　　　　　　　　　　James B. Zouras
　　　　　　　　　　　　　　　　　　Ryan F. Stephan
　　　　　　　　　　　　　　　　　　Jorge Gamboa
　　　　　　　　　　　　　　　　　　Stephan Zouras, LLP
　　　　　　　　　　　　　　　　　　205 N. Michigan Avenue, Suite 2560
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　312-233-1550
　　　　　　　　　　　　　　　　　　312-233-1560 f
　　　　　　　　　　　　　　　　　　www.stephanzouras.com

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR THE PLAINTIFFS**