**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PAUL BLAHNIK and ADDISON POPPAS, individually and for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOX OFFICE TICKET SALES, LLC, TICKETS IN TIME, LLC, JOHN UHRICH and HOWARD SCHWARTZ,<br><br>Defendants. | ) | **Case No. 1:15-CV-4735**<br><br>**Hon. John Z. Lee**<br><br>**Magistrate Judge Maria Valdez** |

**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

## <u>SUMMARY</u>

In their opposition, Plaintiffs only challenge whether Defendants' business qualifies as a "retail or service establishment" to meet the exemption for "Commission Salespersons" under the Fair Labor Standards Act. 29 U.S.C. § 207(i) ("Section 7(i)"). To qualify for the exemption, the following requirements must be met: (1) Plaintiffs must be employed by a retail or service establishment; (2) the regular rate of pay for each Plaintiff must exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked; and (3) more than half of each Plaintiffs' total earnings in a representative period must consist of commissions. 29 U.S.C. § 207(i).

It is uncontroverted that Plaintiffs were paid well above one and one-half times the minimum wage for every hour worked. (*See* Plaintiffs Response to Defendants' Statement of Material Facts "PRDSMF", ¶¶ 13, 14, 15). In addition, Plaintiffs admit that more than half of

their compensation consisted of commissions during the representative time period. (*Id.* at ¶¶ 16, 17, 18). Thus, it is uncontroverted that two of the three requirements for the exemption have been satisfied.

Plaintiffs completely misstate the legal standard for determining whether Defendants' business qualifies as a "retail or service establishment." None of the cases referenced by the Plaintiffs support the assertion that "irregular working hours" are required to meet the definition. Although "irregular hours" is a factor in determining whether an employee is paid on a "commission" basis, it is not a factor in deciding whether a business qualifies as a retail or service establishment.

Defendants operate a retail or service establishment under the Section 7(i) exemption. The business serves the everyday needs of the community by selling tickets directly to members of the general public and the tickets are not for resale purposes. *See* 29 C.F.R. § 779.318(a). All of the requirements under Section 7(i) have been satisfied as a matter of law. The overtime claims of Plaintiffs Paul Blahnik and Julius Mosansky should be dismissed in their entirety as well as the claims of Plaintiff Addison Poppas for the 2013 calendar year.

## ARGUMENT

### I. DEFENDANTS OPERATE A "RETAIL AND SERVICE ESTABLISHMENT" AS A MATTER OF LAW.

#### A. Irregular Working Hours are not Required to Qualify as a Retail or Service Establishment.

Contrary to Plaintiffs' contention, "irregular working hours" is not an element in determining whether a business qualifies as a retail or service establishment under Section 7(i). Plaintiffs' reference to the Seventh Circuit's decision in *Alvarado v. Corporate Cleaning Services, Inc.* to support this assertion is completely misplaced. *Alvarado v. Corporate Cleaning*

*Services, Inc.*, 782 F.3d 365 (7th Cir. 2015). In *Alvarado*, the Seventh Circuit did not consider "irregular working hours" in determining whether a window washing company qualified as a retail or service establishment. In fact, in all of the cases cited by Plaintiffs, the courts only considered irregular working hours in determining whether an employee was paid on a "commission" basis. *See Id.* at 368; *Jackson v. Leader's Institute, LLC*, 2015 WL 7573228, *9 (S.D. Ind. 2015) (discussing the irregular hours requirement as it affects whether the plaintiff is a commissioned employee); *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 508 (7th Cir. 2007) (same); and *Mechmet v. Four Seasons Hotel, Ltd.*, 825 F.2d 1173, 1176-77 (7th Cir. 1987) (same). An employee's working hours were not considered in deciding whether an employer's business qualified as a retail or service establishment under Section 7(i).

In *Alvarado*, a group of window washers brought suit against their employer claiming that they were entitled to overtime. The Seventh Circuit noted that there were two issues to resolve on appeal: (1) whether more than half of the employees' compensation represented "commissions on goods and services;" and (2) whether the employees worked for a "retail or service establishment." *Alvarado*, 782 F.3d at 366.

The employees in *Alvarado* were paid under a "piece rate" system for their services. The Seventh Circuit analyzed whether this pay structure could be characterized as "commissions on goods or services" under Section 7(i). *Id.* at 366-67. Analyzing this issue, the court noted that an employee would not be considered "a commission worker if his sales are made at a uniform rate (e.g., one sale per hour), so that the ratio of his hours worked to his pay is constant." *Id.* at 368. According to the court, an employee's compensation under these circumstances would be akin to an "hourly" employee. *Id.* The court in *Alvarado* noted that window washers maintained irregular and seasonal hours which was an important consideration in determining whether they

were paid on a commission basis. *Id.* The court concluded that the ratio between the hours worked by window washers and their compensation was not constant and therefore, the pay structure could qualify as "commissions" under the Section 7(i) exemption. *Id.* at 368-69.

After making that determination, the Seventh Circuit then analyzed whether the window washing company qualified as a "retail or service establishment." *Id.* at 369. This analysis was completely separate and had nothing to do with the employees' working hours or schedule. The court found that the window washing company qualified as a retail establishment because it "sells its window-cleaning services to building owners and managers; they are the ultimate customer; they do not resell the window cleaning, and therefore [the business] is not a wholesaler"—not because of the hours worked by employees. *Id.* at 369.

In this case, Plaintiffs do not dispute that they were paid on a commission basis. (See PRDSMF, ¶¶ 9, 16, 17, 18). Plaintiffs fully acknowledge that they received a base salary "plus commissions for ticket sales they generated." (*Id.* at ¶ 9).[1] There is no question that Plaintiffs' were paid on a commission basis according to the standards set forth in *Alvarado* because Plaintiffs' compensation with commissions fluctuated significantly in comparison to the hours they each worked.[2]

Furthermore, it defies logic and common sense to suggest that a business with regular working hours for employees can never meet the definition of a retail or service establishment. The regulations identify numerous businesses that qualify as retail establishments, all of which traditionally maintain regular business hours for employees. *See* 29 C.F.R. § 779.320

[1] In their Opposition Brief, Plaintiffs acknowledge that they were paid commissions "based on the ticket sales they made to customers, minus deductions." (Opposition Brief, Pg. 4). Furthermore, Plaintiffs do not dispute that their commissions comprise more than half of their total compensation during the representative period. (PRDSMF, ¶¶ 16, 17, 18).

[2] As reflected in the payroll records, Plaintiffs' compensation changed based on commissions they earned on ticket sales. (Exs. 2, 3, 4). As noted in the Affidavit of Howard Schwartz, the hourly rate of pay fluctuated significantly each pay period. (Ex. 1, Schwartz Aff., ¶¶ 20-21) (Exs. 8, 9).

(identifying numerous businesses including antique shops, beauty shops, department stores, furniture stores, grocery stores, hardware stores, jewelry stores, restaurants and theaters among others).

Defendants' business qualifies as a "retail or service establishment" because the business is devoted to selling tickets directly to the consumer (at the very end of the stream of distribution). See 29 C.F.R. § 779.318(a). The regulations set forth characteristics and examples of retail or service establishments:

> Such an establishment sells to the general public its food and drink. It sells to such public its clothing and its furniture, its automobiles, its radios and refrigerators, its coal and its lumber, and other goods, and performs incidental services on such goods when necessary. It provides the general public its repair services and other services for the comfort and convenience of the public in the course of its daily living. Illustrated of such establishments are: Grocery stores, hardware stores, clothing stores, coal dealers, furniture stores, restaurants, hotels, watch repair establishments, barbershops, and other such local establishments.

*Id.* Indeed, Defendants are engaged in a business which provides a good or service for the "convenience" of the public and the tickets are not sold wholesale or for resale purposes. 29 C.F.R. §§ 779.312, 779.314, 779.318, and 779.319.

Plaintiffs contend that Defendants' business is similar to a travel agency which is specifically excluded as a retail or service establishment under the regulations. See 29 C.F.R. § 779.317.[3] Selling tickets for concerts, sporting events and theater shows to consumers is certainly not the same line of business as a travel agency. The fact that the Department of Labor did not exclude ticket sales from the definition of a retail or service establishment provides support that Defendants' business should qualify for the exemption. *See Gatto v. Mortgage Specialists of Ill., Inc.*, 442 F.Supp.2d 529 (E.D. Ill. 2006). In *Gatto*, employees attempted to argue that mortgage brokering (which was not on the Department of Labor's list of

[3] At least one court has rejected the interpretation that a travel agency cannot qualify as a "retail or service establishment." *See* Reich v. Cruises Only, Inc., 1997 WL 1507504, *5-6 (M.D. Fla.).

establishments that lacked a "retail concept") was very similar to other types of brokering (which were on the list). *Id.* at 540. Instead, the court accepted the employer's *expression unius est exclusion alterius* argument; because certain specific jobs were mentioned on the list, those of the same class or substantially similar must then be excluded. *Id*. "[W]hen the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Id.* (quoting *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003)). The fact that the Department of Labor did not identify ticket sales as "lacking a retail concept" under 29 C.F.R. § 779.317 could be considered a "deliberate choice" on the part of the Department of Labor. Thus, Defendants are entitled to claim the exemption.

**B. Defendant's Business Sells Goods or Services to the General Public to Qualify for the Exemption.**

In an effort to avoid partial summary judgment, Plaintiffs have resorted to making accusations of discriminatory business practices. Defendants have unequivocally denied such allegations. (Ex. B, Schwartz Depo. 63:15-18) (Ex. F, Uhrich Depo. 67:24-68:11). In any event, Plaintiffs' accusations do not change the fact that Defendants operate a business that sells tickets directly to members of the general public as provided under 29 C.F.R. § 779.318(a). The tickets are not for resale purposes.

Under the regulations, the Department of Labor has drawn a distinction between a "retail sale" and a "wholesale sale." *See* 29 C.F.R. § 779.328(a). Retail sales are made to consumers whereas wholesale establishments generally exclude consumers and confine their sales to wholesalers, retailers, and industrial or business purchasers, who in turn, resell the goods for profit. *Id.* The tickets sold by Defendants are not for resale purposes, but rather, the tickets are

sold directly to consumers. (PRDSMF, ¶ 5).[4] Defendants do not operate a private business and it is undisputed that tickets can be purchased by the public on Defendant's website (i.e., online sales) or by contacting a sales representative over the phone. (*See* Plaintiffs' Local Rule 56.1(b)(3) Statement of Additional Facts, ¶¶ 4-5).

Plaintiffs point out that agents interact with customers and sell tickets over the phone at a call center that is not open to the general public. However, the regulations make it clear that an establishment "does not have to be actually frequented by the general public in the sense that the public must actually visit it and make purchases of goods or services on the premises." 29 C.F.R. § 779.319. Physical access is not required and telephone access or "availability" is enough. *Id.* See *English v. Ecolab, Inc.*, 2008 WL 878456 at *9 (S.D. N.Y) (holding that an establishment is open to the general public when it can be accessed through the telephone). Furthermore, the Seventh Circuit has stated that selling to the "general public" can include retailers who sell only to a narrow segment of the public. *See Alvarado*, 782 F.3d at 371 (stating that narrow segments may include "sellers of hospital supplies, or of judge's robes, or body bags").

Plaintiffs' accusations of race discrimination do not satisfy their burden to demonstrate a genuine issue of material fact to avoid partial summary judgment. It is undisputed that Defendants sell tickets on their website and over the telephone through a call center where Plaintiffs were employed. (Plaintiffs' Opposition Brief, Pg. 3). Because there is no face-to-face interaction with the consumer, having a policy that excludes ticket sales to certain racial groups would arguably be impossible to implement or enforce. Any dispute as to whether Defendants had such a policy is a red herring and certainly does not show a genuine issue of material fact.

[4] Plaintiffs have not offered any evidence to rebut Defendants' assertion that tickets are sold to consumers and are not "for resale purposes."

Indeed, "'irrelevant or unnecessary' factual disputes do not preclude summary judgment." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)). *See also Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993) ("[A] party seeking to avoid summary judgment may not establish a dispute of material fact with unsubstantiated assertions in its factual summary or in affidavits."). Furthermore, Plaintiffs' evidence of any such policy is inadmissible hearsay. *See Cornelius v. Hondo, Inc.*, 843 F. Supp. 1243 (N.D. Ill. 1994) (testimony in summary judgment affidavit may not rely on hearsay that would not be admissible at trial); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial").

## CONCLUSION

For the foregoing reasons, Defendants request the Court to grant their Motion for Partial Summary Judgment dismissing the claims of Paul Blahnik and Julius Mosansky in their entirety and dismissing the claims of the Plaintiff Addison Poppas for the 2013 calendar year. Such claims are barred by the Section 7(i) exemption.

Dated this 8th day of July 2016.

        BOX OFFICE TICKET SALES, LLC, TICKETS IN TIME, LLC, JOHN UHRICH AND HOWARD SCHWARTZ, Plaintiffs

By:    /s/ Aaron A. Clark
Aaron A. Clark, #20045
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Phone: 402-341-3070
Fax: 402-341-0216
aclark@mcgrathnorth.com

-and-

Carol Poplawski (#6192132)
Daniel O. Canales (#6296027)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
155 N. Wacker Dr., Suite 4300
Chicago, IL 60606
Phone: 312-558-1220
Fax: 312-807-3619

ATTORNEYS FOR DEFENDANT


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of July 2016, the above and foregoing **Defendants' Reply Brief in Support of Motion for Partial Summary Judgment** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

James B. Zouras (*jzouras@stephanzouras.com)*
Ryan F. Stephan (*rstphan@stephanzouras.com)*
Jorge Gamboa (*jgamboa@stephanzouras.com)*
Stephan Zouras, LLP
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601

/s/ Aaron A. Clark
Aaron A. Clark